# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEWAYNE C. BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18CV157JCH |
| ) | |
| SENTRY MANAGEMENT, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are the Motion to Dismiss Plaintiff's Complaint filed by Defendant Sentry Management, Inc., (Sentry) (ECF 8) and the Motion to Dismiss filed by Defendant St. Regis Apartments, Inc., (St. Regis) (ECF 13). The matter is fully briefed and ready for disposition.

## BACKGROUND

On June 7, 2017, Plaintiff filed a Complaint in Case No. 4:17CV1629JCH (*Barnes I*), alleging employment discrimination based on race, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and naming only St. Regis as Defendant.[1] (*Barnes I,* ECF 1). Plaintiff alleged, in the *Barnes I*

---

[1] Plaintiff checked the box on the Court provided form indicating that his Complaint was brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, although he provided no allegations relevant to such a charge; he did

Complaint, that St. Regis terminated his employment, retaliated against him, harassed him, and imposed different terms and conditions of employment on him than it imposed on other employees based on Plaintiff's race. (*Barnes I,* ECF 1 at 4). To his Complaint, Plaintiff attached a copy of a March 9, 2017 right-to-sue letter from the Equal Opportunity Employment Commission (EEOC), in regard to Plaintiff's charge of discrimination against St. Regis. (*Barnes I,* ECF 1.2).

On July 7, 2017, Plaintiff commenced an action, pursuant to Title VII, against Sentry, in the Circuit Court of St. Louis County, in which Plaintiff alleged employment discrimination based on race.[2] Plaintiff alleged, in his State court case, that he was hired by "Defendants Westend/Sentry management" as an office monitor for St. Regis; that he "believed[d] [he] was harassed, discriminated, and retaliated against due to [his] race, African American"; that while working at St. Regis he "was subjected to a hostile work environment by a [C]aucasian coworker due to [his] race"; that he was treated "differently in terms and conditions of employment" due to his race; that he complained to St. Regis Board members and was referred to his supervisor "who would do nothing"; that the St. Regis Board

---

not allege a disability. (*Barnes I,* ECF 1 at 2). The Charge of Discrimination which Plaintiff filed with the EEOC against St. Regis did not allege discrimination based on disability. (*Barnes I,* ECF 1.1).

[2] Although Plaintiff filed his July 7, 2017 cause of action in State court, he filed it pursuant Title VII, rather than pursuant to the Missouri Human Rights Act (MHRA).

President told Plaintiff that if he continued to complain "of harassment, discrimination, and the wrong doings and unfairness of [his] co[-]worker" he would be fired; that he was treated "differently in terms and conditions of employment due to [his] race" and "in retaliation for opposing discrimination"; that Defendants allowed Plaintiff's Caucasian co-worker "to work on contracts while still on the clock, essentially earning double pay"; that, when Plaintiff complained about this, he was told by the St. Regis Board President and his Sentry supervisor that he should not bring it up again or he would be terminated; that, on April 7, 2017, Plaintiff was "fired," and was told by his supervisor that "the Board chose to go in a different direction and that they were using the Family [and] Medical Leave Act to replace [Plaintiff] with a[n] unqu[a]lified overnight employee"; and that Plaintiff "believe[d] he was fired because of complaints regarding discrimination." (*Barnes II*, ECF 1.1 at 1-3). Plaintiff attached, to his State court complaint, a copy of an April 5, 2017 right-to-sue letter from the Missouri Commission on Human Rights (MCHR), in the matter of "Dewayne Barnes v. Sentry Management, Inc." (*Barnes II*, ECF 1.1 at 4). The April 5, 2017 right-to-sue letter notified Plaintiff that he had ninety days from the *date of the notice* to file, in State court, a civil action against Sentry "*relating to the matters asserted*" in the charge Plaintiff filed with the MCHR. (*Barnes II,* 1.1 at 4) (emphasis added).

Plaintiff did not attach a copy of a June 20, 2017 right-to-sue letter he received from the EEOC stating that, within ninety days *of his receipt* of the notice, he could file a civil action against Sentry in State *or* federal court *based on the charge* he filed with the EEOC, and that the EEOC was adopting the findings of the State agency. (*Barnes I,* ECF 27).

On November 9, 2017, in *Barnes I*, Plaintiff filed a Motion for Leave to File Amended Complaint, in which Plaintiff sought to add Sentry as a defendant. (*Barnes I,* ECF 24, 24.1). In his proposed amended complaint, Plaintiff alleged that he was supplementing his original Complaint and adding Sentry as a defendant; that St. Regis "colluded and conspired with Sentry management to allow a discrep[a]ncy in pay scale based on race, by allowing overtime or denying overtime based on race, by allowing racial discrimination from a white employee to a black employee based on race, by allowing harassment based on race, and by allowing non-video monitoring based on race"; and that Sentry and St. Regis "colluded and conspired to use the [FMLA] to discriminate and fire [Plaintiff]." (*Barnes I,* ECF 24.1 at 4).

On November 15, 2017, the Court denied Plaintiff's Motion for Leave to File Amended Complaint based on futility. Specifically, the Court held that Plaintiff's Motion was filed "well past" the 90-day period Plaintiff had to file a lawsuit against Sentry after the EEOC issued its June 20, 2017 right-to-sue letter.

(*Barnes I,* ECF 28) (*citing* 42 U.S.C.A. § 2000e-5(f)(1)).  The Motion was also filed well past the filing deadline of the MCHR's April 5, 2017 right-to sue letter. (*Barnes II,* ECF 8.2).

On November 17, 2017, the Court granted St. Regis's Motion to Dismiss Plaintiff's Complaint in *Barnes I* (ECF 29).  Specifically, the Court held that St. Regis was not an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has *fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.") (emphasis added), and that, as such, Plaintiff had failed to state a claim upon which relief could be granted.  Notably, in support of its Motion to Dismiss, St. Regis had filed an affidavit from the Vice President of its Board of Directors attesting to the following:  St. Regis contracts with Sentry to provide maintenance services, and St. Regis does not employ *any* persons.  (*Barnes I,* ECF 23.1).  The Court, therefore, dismissed Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Rules of Federal Procedure.  (*Barnes I,* ECF 29).

On November 17, 2017, the same day the Court dismissed *Barnes I*, Plaintiff filed a Motion to Amend the Complaint in his State court action; Plaintiff sought to add St. Regis as a defendant.  (*Barnes II,* ECF 1.1 at 32).  The State court granted

5

Plaintiff's Motion for Leave to Amend, on December 3, 2017.[3] The First Amended Complaint states that Plaintiff was adding St. Regis to his cause of action, and alleged that Plaintiff was employed by Sentry "for employment services on the premises of the St. Regis Apartments"; that, while working at St. Regis, Plaintiff was "harassed by multiple St. Regis Residents and by a co-worker"; that Plaintiff reported the alleged harassment to the St. Regis Board and his Sentry supervisor; that Plaintiff was told by the President of the St. Regis Board that he would be fired for "whistle blowing" if he continued to complain of racial discrimination; that Sentry and St. Regis "colluded and conspired to use the Family Medical Leave Act to fire [him] in retaliation for opposing racial discrimination"; and that Sentry and St. Regis "colluded and conspired to allow racial discrimination and harassment" and to fire Plaintiff for whistleblowing. (*Barnes II,* ECF 1.1 at 32-33).

On January 31, 2018, Sentry removed Plaintiff's State Court's cause of action against Sentry and St. Regis to federal court based on federal question jurisdiction. (*Barnes II,* ECF 1) (*citing* 28 U.S.C. § 1331).

On February 7, 2018, Sentry and St. Regis each filed a Motion to Dismiss in *Barnes II*, which Motions are currently before the Court. (*Barnes II,* ECF 8 & 13).

---

[3] Plaintiff did not file a proposed amended State petition in addition to his Motion to Amend. (*Barnes II,* ECF 1.1 at 32). The parties have treated the combined original State court petition and Plaintiff's Motion to Amend as the First Amended Complaint. The Court will, likewise, do so.

Sentry asserts, in its Motion to Dismiss *Barnes II,* that Plaintiff failed to comply with the timeliness requirement of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.111.1 (requiring that an action be filed within 90 days from the date the notification letter is issued by the MCHR), and, alternatively, that Plaintiff fails to state a cause of action pursuant to Title VII. (*Barnes II,* ECF 8 & 9). St. Regis asserts, in its Motion to Dismiss *Barnes II*, that Plaintiff's Complaint is barred by res judicata, and, alternatively, citing Mo. Rev. Stat. § 213.111, *et seq.*, that Plaintiff's cause of action against St. Regis is untimely because the MCHR informed Plaintiff, by letter dated April 12, 2017, that the MCHR "lack[ed] jurisdiction" over the matter because Plaintiff's complaint against St. Regis "was not filed within 180 days of the alleged discrimination as required by the [MHRA]." St. Regis also seeks an award of costs and fees. (*Barnes II,* ECF 14, 14.2 & 14.3).

On February 8, 2018, Plaintiff filed a Motion for Clarification and Reconsideration in *Barnes I*, asking the Court to reconsider its Orders of November 15 and 17, 2017, and to declare and/or clarify whether these Orders were with or without prejudice. (*Barnes I,* ECF 30). By Order, dated February 14, 2018, the Court denied Plaintiff's February 8, 208 Motion for Clarification and Reconsideration, and explained that the Court's November 15 and 17, 2017 Orders were with prejudice. (*Barnes I,* ECF 31).

7

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10(b) provides that in his or her complaint:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (*citing Twombly,* 550 U.S. at 556). The pleading standard of Rule 8 "does

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

*Twombly,* 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right.'") (*quoting Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other*

*grounds, Horlow v. Fitzgerald,* 457 U.S. 800 (1982)).

A pro se complaint should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint must, however, "still allege sufficient facts to support the claims advanced." *Stone,* 364 F.3d at 914 (*citing Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); *Cunningham v. Ray,* 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

The Court will apply the above stated principles to Plaintiff's First Amended Complaint. *See Thompson v. Curators of Univ. of Missouri,* 2010 WL 174318, at *1 (E.D. Mo. Jan 15, 2016) (an amended complaint supersedes an original complaint and is the only complaint a court reviews).

**SENTRY'S MOTION TO DISMISS**

Sentry first asserts that, because Plaintiff filed his State cause of action against Sentry ninety-two days after the MHRC issued a right-to-sue letter, the

First Amended Complaint was filed after the applicable ninety-day statute of limitations period of Mo. Rev. Stat. § 213.111.1 had expired. Plaintiff responds that he alleges a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, and that, therefore, the FLSA's two-year statute of limitations applies to his claims.

As stated above Plaintiff attached the MHRC's April 5, 2017 right-to-sue letter to his original Complaint filed in State court on July 7, 2017; he did not attach the EEOC's June 20, 2017 right-to-sue letter. Plaintiff, therefore, filed his State court cause of action two days after the ninety-day period specified by the MHRA expired. *See Hammond v. Mun. Corr. Inst.,* 117 S.W.3d 130, 136-37 (Mo. Ct. App. 2003) (under the MHRA, Mo. Rev. Stat. § 213.111.1, the ninety-day period for filing a civil action commences to run from the date the MCHR *issues* a right-to-sue letter; civil action filed under the MHRA ninety-one days after issuance of the right-to-sue letter issued by the MCHR was untimely). *See also, Mitchell v. Tyson Foods, Inc.,* 2017 WL 3217139, at *1 (E.D. Mo. July 28, 2017) (dismissing as untimely claim under MHRA that was filed 92 day after MCHR's Notice of right-to-sue issued) (*citing Hammond,* 117 S.W.3d at 138).

Plaintiff, however, filed his State cause of action pursuant to Title VII, and the EEOC's June 20, 2017 right-to-sue letter stated that Plaintiff had ninety days from the date the letter issued to file a civil cause of action against Sentry in either State or federal court. Plaintiff's July 7, 2017 filing in State court was well within

this ninety-day period. *See Brooks v. Ferguson–Florissant Sch. Dist.,* 113 F.3d 903, 904 (8th Cir. 1997) (42 U.S.C. 2000e–5(f)(1)).

To the extent Sentry argues that, because Plaintiff relied on the MHRC's April 5, 2017 right-to-sue letter, rather than on the EEOC's June 20, 2017 letter, his State court action is, nonetheless, untimely, the Court finds that Plaintiff's State cause of action against Sentry was timely filed because Plaintiff could have easily cured this filing defect and because the June 20 2017 letter is, nonetheless, before the Court.

Given that Plaintiff's State cause of action against Sentry was timely filed, the Court need not address Plaintiff's argument that his cause of action is subject to a 2-year statute of limitations.[4]

Sentry argues, alternatively, that Plaintiff fails to state a cause of action against it pursuant to Title VII. The Eighth Circuit held, in *Jackman v. Fifth Judicial District Department of Correctional Services,* 728 F.3d 800, 804 (8th Cir. 2013), that:

---

[4] The First Amended Complaint does not include a FLSA claim, although it does allege that Sentry and St. Regis "use[d]" the FLSA to fire Plaintiff in retaliation for his opposing racial discrimination  Plaintiff sought leave to file a second amended complaint in which he said would include an allegation pursuant to the FLSA. After the Court ordered that Plaintiff file a proposed second amended complaint separate from his Motion to Amend by March 12, 2018 (*Barnes II,* ECF 22), Plaintiff failed to do so. As such, the Court denied Plaintiff's Motion to Amend, with prejudice. (*Barnes II,* ECF 28).

> To establish a prima facie case of race [] discrimination, [a plaintiff] must show that []he: (1) is a member of a protected class; (2) was meeting [his] employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of [his] protected class. *Norman v. Union Pac. R.R. Co.,* 606 F.3d 455, 461 (8th Cir. 2010). To establish a prima facie case of retaliation, an employee has the initial burden of establishing retaliation by showing that (1) []he engaged in protected conduct; (2) []he suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Pye v. Nu Aire, Inc.,* 641 F.3d 1011, 1021 (8th Cir. 2011). Further, retaliation must be the "but for" cause of the adverse employment action. *Univ. of Texas Sw. Med. Ctr. v. Nassar,* ––U.S. ––––, 133 S.Ct. 2517, 2528, 186 L.Ed.2d 503 (2013).

Liberally construing the First Amended Complaint, Plaintiff does not allege that Plaintiff was meeting legitimate job expectations. Further, to the extent Plaintiff argues that Sentry was acting as a joint employer with St. Regis, the First Amended Complaint makes only a general conclusory statement in regard to such a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss."). In any case, Plaintiff failed to allege that Sentry and St. Regis were acting as joint employers in the administrative proceedings against either Sentry or St. Regis. (*Barnes I,* ECF 1.1 (MCHR charge against St. Regis), ECF 27 at 1-2 (EEOC's adoption of MCHR's decision regarding Sentry & MCHR charge against Sentry). *See Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994) (exhaustion of administrative remedies includes timely filing "a charge of discrimination with the EEOC setting

forth the facts and nature of the charge") (*citing* 42 U.S.C. § 2000e–5(b), (c), (e)); *Jeffery v. St. Louis Fire Dept.,* 506 S.W.3d 394, 398 (Mo. App. Ct. 2016) ("In order to exhaust his administrative remedies, [a plaintiff] must give notice of his claims by including them in his administrative complaint."); *Pettigrew v. Hayes,* 196 S.W.3d 53, 56 (Mo. Ct. App. 2005) (where administrative remedies under the MHRA are not properly exhausted, courts do not have subject matter jurisdiction). As such, the Court finds, alternatively, that the First Amended Complaint fails to allege sufficient facts to support a claim that Sentry violated Title VII, *see Stone,* 364 F.3d at 914; *Jackman,* 728 F.3d at 804, and fails to give Sentry fair notice of what Plaintiff's claims are and the grounds upon which any claims rely, *see Twombly,* 550 U.S. at 555. The Court finds, therefore, that Sentry's Motion to Dismiss should be granted in regard to Sentry's argument that Plaintiff has failed to state a cause of action.

## ST. REGIS'S MOTION TO DISMISS

First, as argued by St. Regis, and as discussed above, Title VII, 42 U.S.C. § 2000e-5(f)(1), provides that a claimant has ninety days to bring a civil action after "the giving of [] notice" by the EEOC of the claimant's right-to-sue. Plaintiff amended his State cause of action to include St. Regis well after this ninety-day time period had expired; the EEOC issued a right-to-sue letter, in regard to Plaintiff's charge against St. Regis, on March 9, 2017 (*Barnes II,* ECF 14.1 at 1),

and Plaintiff did not seek leave to amend his State cause of action until November 17, 2017 (*Barnes II,* ECF 1.1 at 14). The Court finds, therefore, that Plaintiff's civil action against St. Regis was untimely filed, and that St. Regis's Motion to Dismiss should be granted.[5]

The MCHR, moreover, issued a Notice of Termination of Proceedings, on April 12, 2017, which stated, in regard to a charge which Plaintiff had filed against St. Regis with that agency, that the MCHR lacked jurisdiction over the matter because Plaintiff's complaint was not filed within 180 days of the alleged discrimination as required by the MHRA. (*Barnes II,* ECF 14.3). *See Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994) (before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter). Under such circumstances, the Court finds, in regard to Plaintiff's claims against St. Regis, that the First Amended Complaint should be dismissed based on Plaintiff's failure to timely exhaust his administrative remedies. *Cf. Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 150 (1984) (filing civil action more than 90 days after receipt of the right-to-sue letter is grounds for dismissal); *Pettigrew,* 196 S.W.3d at 56.

In support of its Motion to Dismiss, St. Regis also argues that Plaintiff's

---

[5] Plaintiff states that he did not receive the EEOC's March 7, 2017 right-to-sue letter until April 10, 2017. (*Barnes II,* ECF 37).

First Amended Complaint is barred by res judicata. Under the doctrine of res judicata:

> "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). To establish that a claim is barred by res judicata a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.,* 153 F.3d 667, 673 (8th Cir. 1998).

*Yankton Sioux Tribe v. U.S. Dept. of Health and Human Servs.,* 533 F.3d 634, 639 (8th Cir. 2008).

First, *Barnes I* resulted in a final judgment on the merits as the Court dismissed the First Amended Complaint for failure to state a cause of action against St. Regis given that St. Regis is not an employer within the meaning of Title VII.[6] Furthermore, despite Plaintiff's argument to the contrary (*Barnes II,*

---

[6] Plaintiff argues that the definition of "employer" under the MHRA differs from the definition of "employer" under Title VII in that, under the MHRA, employer status requires the employment of six or more employees, while under Title VII fifteen or more employees are required. (*Barnes II,* ECF 32 at 2). While the definition of "employer" under the MHRA includes entities employing "six or more persons," Mo. Rev. Stat. § 213.010(7), the sworn statement of a St. Regis Board member, as discussed above, reflects that St. Regis *does not have any employees*. Thus, the difference between Title VII and the MHRA, in regard to the definition of "employer," is not relevant.

ECF 34 at 1-2),[7] Rule 41(b) of the Federal Rules of Civil Procedure provides that an involuntary dismissal, such as the Court's dismissal of Plaintiff's cause of action in *Barnes I*, "operates as an adjudication on the merits."

Second, in regard to the requirement of res judicata that the Court had jurisdiction in the prior cause of action, Plaintiff invoked federal jurisdiction in *Barnes I* by filing it in federal court and asserting federal subject matter jurisdiction.

Third, as to the commonality of parties and claims or causes of action, in *Barnes I*, Plaintiff asserted claims of race discrimination and retaliation, in violation of Title VII, against St. Regis and alleged that he complained to St. Regis Board members about racial harassment by a co-worker; that he was told by a St. Regis Board member that if he continued to complain he would be fired; and that he was, in fact, fired. Plaintiff reiterates these allegations against St. Regis in *Barnes II*. To the extent Plaintiff argues that, in *Barnes II,* he alleges St. Regis colluded with Sentry to violate Title VII and that they are joint employers, and that he did not make such an allegation in *Barnes I*, (*Barnes II,* ECF 43 at 1), as discussed above, Plaintiff has insufficiently made such an allegation in *Barnes II*. The Court finds, therefore, that *Barnes II* involves the same parties as *Barnes I* and

---

[7] Plaintiff suggests that Rule 19 of the Federal Rules of Civil Procedure ("Mandatory Joinder of Parties"), somehow precludes the application of Rule 41(b).

that both suits are based upon the same claims or causes of action.

Plaintiff argues that res judicta does not apply to *Barnes II* because *Barnes II* alleges a violation of the FLSA, 29 U.S.C. § 201 *et seq.*, and *Barnes I* did not include such an allegation. The First Amended Complaint in *Barnes II*, however, does not allege a violation of the FLSA, and, as set forth above, when given the opportunity by the Court to file a proposed second amended complaint, Plaintiff did not do so. The allegations before the Court in *Barnes II*, therefore, are based only on the Title VII allegations of the First Amended Complaint and not on the FLSA. Plaintiff, moreover, could have alleged a violation of the FLSA in *Barnes I*[8]; as such, res judicata would nonetheless apply. *See Yankton Sioux,* 533 F.3d at

---

[8] In support of his allegation that he was "fired due to [his] race," and "in "Retaliation for opposing discrimination," Plaintiff alleged, in the *Barnes I* Complaint (ECF 1 at 6-7), that:

> [St. Regis] allowed my [C]aucasian coworker to work on contracts while still on the clock for defendants, essentially earning double pay. When I complained about this issue I was informed that I shouldn't bring it up again or I would be terminated. There were multiple times I worked overtime but was not paid, however, my [C]aucasian coworker was paid for all overtime while working for the resident while on the clock. Company policy [sic] we are not to work in residents['] units while still on the clock. I had to wait until my shift was over to do any additional work.

The proposed amended complaint, in *Barnes I* (ECF 24.1), stated that St. Regis and Sentry "colluded and conspired to use the [FMLA] to discriminate against him" based on his race and in retaliation for his complaining about racial discrimination.

18

639. The Court finds, therefore, that res judicata applies to and bars all allegations of the First Amended Complaint against St. Regis in *Barnes II*; that arguments Plaintiff makes to the contrary are without merit; and that, alternatively, St. Regis's Motion to Dismiss should be granted based on res judicata.

Given Plaintiff's pro se status, the Court will deny St. Regis's request that the Court order Plaintiff to pay its fees and costs. Plaintiff is advised, however, that the Court will be inclined to award St. Regis all fees and costs it incurs in the event Plaintiff files frivolous claims against St. Regis in this Court in the future.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sentry Management, Inc.'s Motion to Dismiss (ECF 8) and Defendant St. Regis Apartments, Inc.'s Motion to Dismiss (ECF 13) are **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant St. Regis Apartments, Inc.'s request for fees and costs is **DENIED**; and

**IT IS FINALLY ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED, in its entirety**, **with prejudice**.

Dated this     30th     Day of March 2018.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE